HELANE L. MORRISON (#127752)
SUSAN F. LA MARCA (#215231)
ELENA RO (#197308)

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, Suite 2600
San Francisco, California  94104
Telephone:  (415) 705-2500

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                          Plaintiff,<br><br>          v.<br><br>M & A WEST, INC., et al.<br><br>                          Defendants. | Case No. CV 01-3376 VRW<br><br>[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST DEFENDANT F. THOMAS ECK, III; ENTERING INJUNCTION; ORDERING CIVIL PENALTIES |

The motion by plaintiff Securities and Exchange Commission ("Commission") for partial summary judgment against defendant F. Thomas Eck, III, pursuant to Rule 56 of the Federal Rules of Civil Procedure, supported by the Declaration of Elena Ro and the exhibits thereto, Plaintiff's Request for Judicial Notice and the exhibits thereto, plaintiff's memorandum, and the papers on file with the Court, has been submitted to the Court.  By its motion, plaintiff seeks partial summary judgment against defendant Eck regarding his liability for aiding and abetting securities fraud, his offer and sale of securities without registration, and other related violations of the federal securities laws set forth in the Commission's complaint.  Plaintiff also seeks by its motion adjudication of certain remedial sanctions, including the entry of an injunction against defendant, and the issuance of an order requiring defendant to pay civil monetary penalties.

1    The Court, having considered plaintiff's motion and any opposition or response thereto,

2    and good cause appearing therefrom, hereby finds:

3    1.    The Court has jurisdiction over defendant Eck and the subject matter of this

4    litigation;

5    2.    There is no genuine issue as to any material fact;

6    3.    Defendant Eck knowingly provided substantial assistance to others who, directly or

7    indirectly, by use of the means or instrumentalities of interstate commerce, or of the mails, or of a

8    national securities exchange, in connection with the purchase or sale of securities, employed a

9    device, scheme or artifice to defraud, and made untrue statements of material fact and omitted to

10   state material facts necessary to make the statements made true, in light of the circumstances under

11   which they were made, in violation of Section 10(b) of the Securities Exchange Act of 1934

12   ("Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5, and is

13   therefore liable for such violations pursuant to 15 U.S.C. § 78t(e);

14   4.    Defendant Eck, directly or indirectly, in the absence of any applicable exemption,

15   and without any registration statement filed with the Commission or in effect as to the securities,

16   made use of means or instruments of transportation or communication in interstate commerce or of

17   the mails to sell securities, and to offer to sell securities, in violation of Sections 5(a) and 5(c) of

18   the Securities Act, 15 U.S.C. §§ 77e(a) and (c);

19   5.    Defendant Eck knowingly provided substantial assistance to M&A West, Inc.

20   ("M&A West") in its filing with the Commission annual reports on Forms 10-KSB that contained

21   untrue statements of material fact and omitted to state material information required to be stated

22   therein or necessary in order to make the statements made, in the light of the circumstances under

23   which they were made, not misleading, in violation of Section 13(a) of the Exchange Act, 15

24   U.S.C. § 78m(a), and 17 C.F.R. §§ 240.12b-20 and 240.13a-1, and is therefore liable for such

25   violations pursuant to 15 U.S.C. § 78t(e);

26   6.    Defendant Eck knowingly provided substantial assistance to M&A West in its filing

27   with the Commission quarterly reports on Forms 10-QSB that contained untrue statements of

28   material fact and omitted to state material information required to be stated therein or necessary in

1  order to make the statements made, in the light of the circumstances under which they were made,

2  not misleading, in violation of Section 13(a) of the Exchange Act, 15 U.S.C. § 78m(a), and 17

3  C.F.R. §§ 240.12b-20 and 240.13a-13, and is therefore liable for such violations pursuant to 15

4  U.S.C. § 78t(e);

5          7.      Defendant Eck knowingly provided substantial assistance to M&A West in its filing

6  with the Commission a current report on Form 8-K that contained untrue statements of material

7  fact and omitted to state material information required to be stated therein or necessary in order to

8  make the statements made, in the light of the circumstances under which they were made, not

9  misleading, in violation of Section 13(a) of the Exchange Act, 15 U.S.C. § 78m(a), and 17 C.F.R.

10  §§ 240.12b-20 and 240.13a-11, and is therefore liable for such violations pursuant to 15 U.S.C. §

11  78t(e);

12         8.      Defendant Eck knowingly provided substantial assistance to M&A West's failure to

13  make and keep books, records, and accounts which, in reasonable detail, accurately and fairly

14  reflected the transactions and dispositions of the assets of the Company, in violation of Section

15  13(b)(2)(A) of the Exchange Act, 15 U.S.C. § 78m(b)(2)(A), and is therefore liable for such

16  violations pursuant to 15 U.S.C. § 78t(e);

17         9.      Defendant Eck knowingly provided substantial assistance to M&A West's failure to

18  devise and maintain a system of internal accounting controls sufficient to provide reasonable

19  reassurances that transactions were recorded as necessary to maintain accountability for assets, in

20  violation of Section 13(b)(2)(B)(ii)(II) of the Exchange Act, 15 U.S.C. § 78m(b)(2)(B)(ii)(II), and

21  is therefore liable for such violations pursuant to 15 U.S.C. § 78t(e);

22         10.     Defendant Eck knowingly falsified M&A West's books, records and accounts in

23  violation of Section 13(b)(5) of the Exchange Act, 15 U.S.C. § 78m(b)(5), and falsified M&A

24  West's books, records and accounts, in violation of 17 C.F.R. § 13b2-1;

25         11.     Defendant Eck knowingly provided substantial assistance to defendant Scott Kelly,

26  an officer and director of M&A West, who made or caused to be made a materially false or

27  misleading statement to accountants and omitted to state, or caused another person to omit to state

28  to accountants material facts necessary in order to make statements made to the accountants, in

1  light of the circumstances under which such statements were made, not misleading, in violation 17

2  C.F.R. § 240.13b2-2, and is therefore liable for such violations pursuant to 15 U.S.C. § 78t(e);

3  　　　12.　　Unless restrained or enjoined, Defendant Eck is likely to again violate the securities

4  laws described above;

5  　　　13.　　The deterrent purposes of the federal securities laws would be served by the

6  imposition of civil penalties against Defendant Eck.

7  　　　　　　　　　　　　　　　　　I.

8  　　　IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Defendant Eck, his

9  agents, servants, employees, attorneys, and all persons in active concert or participation with them

10  who receive actual notice of this Order by personal service or otherwise are permanently restrained

11  and enjoined from violating, directly or indirectly, Section 10(b) of the Exchange Act, 15 U.S.C. §

12  78j(b) and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of

13  interstate commerce, or of the mails, or of any facility of any national securities exchange, in

14  connection with the purchase or sale of any security:

15  　　　(a)　　to employ any device, scheme, or artifice to defraud;

16  　　　(b)　　to make any untrue statement of a material fact or to omit to state a material

17  　　　　　　　fact necessary in order to make the statements made, in the light of the

18  　　　　　　　circumstances under which they were made, not misleading; or

19  　　　(c)　　to engage in any act, practice, or course of business which operates or would

20  　　　　　　　operate as a fraud or deceit upon any person.

21  　　　　　　　　　　　　　　　　　II.

22  　　　IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant

23  Eck, his agents, servants, employees, attorneys, and all persons in active concert or participation

24  with them who receive actual notice of this Order by personal service or otherwise are permanently

25  restrained and enjoined from violating Sections 5(a) and 5(c) of the Securities Act, 15 U.S.C. §§

26  77e(a) and (c), by, directly or indirectly, in the absence of any applicable exemption and unless a

27  registration statement is filed and is in effect as to a security, making use of any means or

28

[Proposed] Order Granting Pl.'s Motion　　　　-4-
Case No. CV 01-3376 VRW

1  instruments of transportation or communication in interstate commerce or of the mails to offer or

2  to sell such security through the use or medium of any prospectus or otherwise.

3                                              III.

4        IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant Eck, his

5  agents, servants, employees, attorneys, assigns, and all persons in active concert or participation

6  with him who receive actual notice of this order by personal service or otherwise are permanently

7  restrained and enjoined from violating, directly or indirectly, Section 13(a) of the Exchange Act,

8  15 U.S.C. § 78m(a), and 17 C.F.R. §§ 240.12b-20 and 240.13a-1, by causing any issuer that has

9  securities registered as described in those sections, to file with the Commission an annual report on

10 Form 10-K that contains an untrue statement of material fact or omits to state material information

11 required to be stated therein or necessary in order to make the statements made, in light of the

12 circumstances under which they were made not misleading.

13                                             IV.

14       IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant Eck, his

15 agents, servants, employees, attorneys, assigns, and all persons in active concert or participation

16 with him who receive actual notice of this order by personal service or otherwise are permanently

17 restrained and enjoined from violating, directly or indirectly, Section 13(a) of the Exchange Act,

18 15 U.S.C. § 78m(a), and 17 C.F.R. §§ 240.12b-20 and 240.13a-13, by causing any issuer that has

19 securities registered as described in those sections, to file with the Commission a quarterly report

20 on Form 10-Q that contains an untrue statement of material fact or omits to state material

21 information required to be stated therein or necessary in order to make the statements made, in

22 light of the circumstances under which they were made not misleading.

23                                             V.

24       IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant Eck, his

25 agents, servants, employees, attorneys, assigns, and all persons in active concert or participation

26 with him who receive actual notice of this order by personal service or otherwise are permanently

27 restrained and enjoined from violating, directly or indirectly, Section 13(a) of the Exchange Act,

28 15 U.S.C. § 78m(a), and 17 C.F.R. §§ 240.12b-20 and 240.13a-11, by causing any issuer that has

1   securities registered as described in those sections, to file with the Commission a current report on

2   Form 8-K that contains an untrue statement of material fact or omits to state material information

3   required to be stated therein or necessary in order to make the statements made, in light of the

4   circumstances under which they were made not misleading.

5                                                    VI.

6          IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant Eck, his

7   agents, servants, employees, attorneys, assigns, and all persons in active concert or participation

8   with him who receive actual notice of this order by personal service or otherwise are permanently

9   restrained and enjoined from violating, directly or indirectly, Section 13(b)(2)(A) of the Exchange

10  Act, 15 U.S.C. § 78m(b)(2)(A), by causing any issuer which has a class of securities registered as

11  described in this section to fail to make and keep books, records, or accounts, which, in reasonable

12  detail, accurately and fairly reflect the transactions and dispositions of the assets of the issuer.

13                                                   VII.

14         IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant Eck, his

15  agents, servants, employees, attorneys, assigns, and all persons in active concert or participation

16  with him who receive actual notice of this order by personal service or otherwise are permanently

17  restrained and enjoined from violating, directly or indirectly, Section 13(b)(2)(B) of the Exchange

18  Act, 15 U.S.C. § 78m(b)(2)(B), by causing any issuer which has a class of securities registered as

19  described in this section to fail to devise or maintain a system of internal accounting controls

20  sufficient to provide reasonable assurances that transactions are executed in accordance with

21  management's general or specific authorization; or to fail to record transactions as necessary to

22  permit preparation of financial statements in conformity with generally accepted accounting

23  principles or any other criteria applicable to such statements, and to maintain accountability for

24  assets.

25                                                  VIII.

26         IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant Eck, his

27  agents, servants, employees, attorneys, assigns, and all persons in active concert or participation

28  with him who receive actual notice of this order by personal service or otherwise are permanently

1   restrained and enjoined from violating Section 13(b)(5) of the Exchange Act, 15 U.S.C. §

2   78m(b)(5), by knowingly circumventing or failing to implement a system of internal accounting

3   controls or knowingly falsifying any book, record, or account of described in this section.

4                                                    IX.

5            IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant Eck, his

6   agents, servants, employees, attorneys, assigns, and all persons in active concert or participation

7   with him who receive actual notice of this order by personal service or otherwise are permanently

8   restrained and enjoined from violating 17 C.F.R. § 240.13b2-1, by falsifying or causing to be

9   falsified any book, record or account described in this section.

10                                                   X.

11           IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant Eck, his

12  agents, servants, employees, attorneys, assigns, and all persons in active concert or participation

13  with him who receive actual notice of this order by personal service or otherwise permanently

14  restrained and enjoined from violating 17 C.F.R. § 240.13b2-2, by, as a director or officer of an

15  issuer, directly or indirectly making or causing to be made a materially false or misleading

16  statement to an accountant in connection with an audit, review or examination of the financial

17  statements of the issuer required to be made pursuant to statute or to the Commission's rules as

18  described in this section.

19                                                   XI.

20           IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Eck shall

21  pay civil penalties in the amount of $550,000.00 pursuant to the Securities Act and the Exchange

22  Act, 15 U.S.C. §§ 77t(d) & 78u(d)(3).  Defendant shall make this payment within ten (10) business

23  days after entry of this Order by certified check, bank cashier's check, or United States postal

24  money order payable to the Securities and Exchange Commission.  The payment shall be delivered

25  or mailed to the Office of Financial Management, Securities and Exchange Commission,

26  Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312; and shall

27  be accompanied by a letter identifying F. Thomas Eck as a defendant in this action; setting forth

28

1 | the title and civil action number of this action and the name of this Court; and specifying that

2 | payment is made pursuant to this Order.

3 | XII.

4 |     IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain

5 | jurisdiction of this matter for the purpose of enforcing the terms of this Order and for all other

6 | purposes.

7 | XIII.

8 |     There being no just reason for delay, the Clerk is hereby ordered to enter this judgment

9 | against Defendant Eck forthwith and without delay, which represents a final judgment of the

10 | Commission's claims for an injunction and a civil penalty.

11 |

12 |

13 | DATED:          _____/s/_____

14 |                   United States District Judge