HELANE L. MORRISON (#127752)
SUSAN F. LA MARCA (#215231)
ELENA RO (#197308)

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, Suite 2600
San Francisco, California 94104
Telephone: (415) 705-2500

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, <br><br> Plaintiff, <br><br> vs. <br><br> M & A WEST, INC., et al. <br><br> Defendants. | Case No. C-01-3376 VRW <br><br> [PROPOSED] PARTIAL FINAL JUDGMENT OF PERMANENT INJUNCTION AGAINST DEFENDANT SCOTT L. KELLY |

The Plaintiff Securities and Exchange Commission ("Plaintiff" or "Commission") has filed its Complaint in this action. Defendant Scott L. Kelly ("Defendant" or "Kelly") has entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Partial Final Judgment of Permanent Injunction against Defendant Scott Kelly ("Partial Final Judgment") without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived, with respect to the claims and issues resolved in the Partial Final Judgment, findings of fact and conclusions of law as provided by Rule 52 of the Federal Rules of Civil Procedure; and waived any right to appeal from this Partial Final Judgment:

I.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Defendant Kelly, his agents, servants, employees, attorneys, and all persons in active concert or participation with them


who receive actual notice of this order by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b) and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Kelly, his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise are permanently restrained and enjoined from violating Sections 5(a) and 5(c) of the Securities Act, 15 U.S.C. §§ 77e(a) and (c), by, directly or indirectly, in the absence of any applicable exemption and unless a registration statement is filed and is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer or to sell such security through the use or medium of any prospectus or otherwise.

III.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant Kelly, his agents, servants, employees, attorneys, assigns, and all persons in active concert or participation with him who receive actual notice of this order by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Section 13(a) of the Exchange Act, 15 U.S.C. § 78m(a), and 17 C.F.R. §§ 240.12b-20 and 240.13a-1, 240.13a-11, and 240.13a-13, by knowingly providing substantial assistance to any issuer that has securities registered as described in those sections, and who files with the Commission an annual report on Form 10-K, or

1  a quarterly report on Form 10-Q, or a current report on Form 8-K, that contains an untrue
2  statement of material fact or omits to state material information required to be stated therein or
3  necessary in order to make the statements made, in light of the circumstances under which they
4  were made not misleading.

### IV.

6  IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant Kelly, his
7  agents, servants, employees, attorneys, assigns, and all persons in active concert or participation
8  with him who receive actual notice of this order by personal service or otherwise are permanently
9  restrained and enjoined from aiding and abetting any violation of Section 13(b)(2)(A) of the
10 Exchange Act, 15 U.S.C. § 78m(b)(2)(A), by providing substantial assistance to any issuer which
11 has a class of securities registered pursuant to 15 U.S.C. § 78*l* or which is required to file reports
12 pursuant to 15 U.S.C. § 78*o*(d), and which fails to make and keep books, records, or accounts,
13 which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of the
14 assets of the issuer.

### V.

16 IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant Kelly, his
17 agents, servants, employees, attorneys, assigns, and all persons in active concert or participation
18 with him who receive actual notice of this order by personal service or otherwise are permanently
19 restrained and enjoined from aiding and abetting any violation of Section 13(b)(2)(B) of the
20 Exchange Act, 15 U.S.C. § 78m(b)(2)(B), by providing substantial assistance to any issuer which
21 has a class of securities registered pursuant to 15 U.S.C. § 78*l* or which is required to file reports
22 pursuant to 15 U.S.C. § 78*o*(d), and which fails to devise or maintain a system of internal
23 accounting controls sufficient to provide reasonable assurances that transactions are executed in
24 accordance with management's general or specific authorization; or fails to record transactions as
25 necessary to permit preparation of financial statements in conformity with generally accepted
26 accounting principles or any other criteria applicable to such statements, and to maintain
27 accountability for its assets.
28

## VI.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant Kelly, his agents, servants, employees, attorneys, assigns, and all persons in active concert or participation with him who receive actual notice of this order by personal service or otherwise are permanently restrained and enjoined from violating Section 13(b)(5) of the Exchange Act, 15 U.S.C. § 78m(b)(5), by knowingly circumventing or failing to implement a system of internal accounting controls or by knowingly falsifying any book, record, or account of described in 15 U.S.C. § 78m(b)(2)(A).

## VII.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant Kelly, his agents, servants, employees, attorneys, assigns, and all persons in active concert or participation with him who receive actual notice of this order by personal service or otherwise are permanently restrained and enjoined from violating 17 C.F.R. § 240.13b2-1, by falsifying or causing to be falsified any book, record or account subject to 15 U.S.C. § 78m(b)(2)(A).

## VIII.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant Kelly, his agents, servants, employees, attorneys, assigns, and all persons in active concert or participation with him who receive actual notice of this order by personal service or otherwise permanently restrained and enjoined from violating 17 C.F.R. § 240.13b2-2, by, as a director or officer of an issuer, directly or indirectly making or causing to be made to an accountant in connection with an audit, review or examination of the financial statements of the issuer, or in preparation or filing of a document or report, required to be made or filed pursuant to statute or to the Commission's rules or otherwise, a materially false or misleading statement, or an omission of a material fact necessary to make statements made, in the light of the circumstances under which they were made, not misleading.

## IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Kelly shall pay disgorgement of ill-gotten gains, prejudgment interest thereon, and a civil penalty pursuant to

1  15 U.S.C. §§ 77t(d) & 78u(d)(3). The Court shall determine the amounts of the disgorgement and
2  civil penalty upon motion of the Commission. Prejudgment interest on the amount of
3  disgorgement shall be calculated from the date of receipt by Defendant Kelly of ill-gotten gains,
4  based on the interest rate that applies to judgments under 28 U.S.C. § 1961. In connection with the
5  Commission's motion for disgorgement and civil penalties, and at any hearing held on such a
6  motion: (a) Defendant will be precluded from arguing that he did not violate the federal securities
7  laws as alleged in the Complaint; (b) Defendant may not challenge the validity of the Consent or
8  the Partial Final Judgment; (c) solely for the purposes of such motion, the allegations of the
9  Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the
10 issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or
11 investigative testimony, and documentary evidence, without regard to the standards for summary
12 judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure.

## X.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 21(d)(2) of the Exchange Act, 15 U.S.C. § 78u(d)(2), Defendant Kelly is prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to 15 U.S.C. § 78*l*, or that is required to file reports pursuant to 15 U.S.C. § 78*o*(d).

## XI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant Kelly shall comply with all of the undertakings and agreements set forth therein.

## XII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purpose of enforcing the terms of this Partial Final Judgment and for all other purposes.

XIII.

There being no just reason for delay, the Clerk is hereby ordered to enter this Partial Final Judgment against Defendant Kelly forthwith and without delay.

DATED:

_____
United States District Judge

APPROVED AS TO FORM:

*[signature: Robert J. Breakstone]*

Robert J. Breakstone, Esq.
ROGERS, JOSEPH, O'DONNELL & PHELPS
311 California St., 10th Floor
San Francisco, California 94104
(415) 956-2828
Fax: (415) 956-6457
Counsel for Defendant Scott L. Kelly


SUBMITTED BY:

*[signature: Susan F. LaMarca]*

Susan F. LaMarca, Esq.
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, Suite 2600
San Francisco, California 94104
(415) 705-2500
Fax: (415) 705-2501
Counsel for Plaintiff