HELANE L. MORRISON (#127752)
SUSAN F. LA MARCA (#215231)
ELENA RO (#197308)

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, Suite 2600
San Francisco, California 94104
Telephone: (415) 705-2500

**FILED**

OCT 2 8 2005

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, <br><br> Plaintiff, <br><br> vs. <br><br> M & A WEST, INC., et al. <br><br> Defendants. | Case No. C-01-3376 VRW <br><br> [PROPOSED] FINAL JUDGMENT AGAINST DEFENDANT SALVATORE CENSOPRANO |

The Plaintiff Securities and Exchange Commission ("Plaintiff" or "Commission") has filed its Complaint in this action. Defendant Salvatore Censoprano ("Defendant" or "Censoprano") has entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment Against Defendant Salvatore Censoprano ("Final Judgment") without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law as provided by Rule 52 of the Federal Rules of Civil Procedure; and waived any right to appeal from this Final Judgment.

I.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Defendant Censoprano, his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise

are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b) and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

II.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant Censoprano, his agents, servants, employees, attorneys, assigns, and all persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Section 13(a) of the Exchange Act, 15 U.S.C. § 78m(a), and 17 C.F.R. §§ 240.12b-20 and 240.13a-1, 240.13a-11, and 240.13a-13, by knowingly providing substantial assistance to any issuer that has securities registered pursuant to 15 U.S.C. § 78l, and which fails to file with the Commission an annual report, or a quarterly report, or a current report on the appropriate form authorized or prescribed and in the time prescribed therefor, which in addition to the information expressly required to be included in the report also contains such further material information, if any, as may be necessary to make the required statements, in the light of the circumstances under which they are made, not misleading.

III.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant Censoprano, his agents, servants, employees, attorneys, assigns, and all persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Section 13(b)(2)(A)

1  of the Exchange Act, 15 U.S.C. § 78m(b)(2)(A), by providing substantial assistance to any issuer
2  which has a class of securities registered pursuant to 15 U.S.C. § 78*l* and which fails to make and
3  keep books, records, or accounts, which, in reasonable detail, accurately and fairly reflect the
4  transactions and dispositions of the assets of the issuer.

## IV.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant Censoprano, his agents, servants, employees, attorneys, assigns, and all persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Section 13(b)(2)(B) of the Exchange Act, 15 U.S.C. § 78m(b)(2)(B), by providing substantial assistance to any issuer which has a class of securities registered pursuant to 15 U.S.C. § 78*l* and which fails to devise or maintain a system of internal accounting controls sufficient to provide reasonable assurances that transactions are executed in accordance with management's general or specific authorization; or fails to record transactions as necessary to permit preparation of financial statements in conformity with generally accepted accounting principles or any other criteria applicable to such statements, and to maintain accountability for its assets.

## V.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant Censoprano, his agents, servants, employees, attorneys, assigns, and all persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise are permanently restrained and enjoined from violating Section 13(b)(5) of the Exchange Act, 15 U.S.C. § 78m(b)(5), by knowingly circumventing or failing to implement a system of internal accounting controls or by knowingly falsifying any book, record, or account described in 15 U.S.C. § 78m(b)(2)(A).

## VI.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant Censoprano, his agents, servants, employees, attorneys, assigns, and all persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise are

permanently restrained and enjoined from violating 17 C.F.R. § 240.13b2-1, by falsifying or causing to be falsified any book, record or account subject to 15 U.S.C. § 78m(b)(2)(A).

VII.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant Censoprano, his agents, servants, employees, attorneys, assigns, and all persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise are permanently restrained and enjoined from violating 17 C.F.R. § 240.13b2-2, by, as a director or officer of an issuer, directly or indirectly making or causing to be made to an accountant in connection with an audit, review or examination of the financial statements of the issuer, or in preparation or filing of a document or report, required to be made or filed pursuant to statute or to the Commission's rules or otherwise, a materially false or misleading statement, or an omission of a material fact necessary to make statements made, in the light of the circumstances under which they were made, not misleading.

VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Censoprano shall pay civil penalties in the amount of $250,000 pursuant to the Exchange Act, 15 U.S.C. § 78u(d)(3). Defendant shall make this payment by paying no less than $150,000 within ten (10) business days after entry of this Order by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. Defendant shall pay the remainder of the $250,000 in civil penalties within 360 calendar days after the entry of this Order by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. Each payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying Salvatore Censoprano as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Order. Defendant shall deliver or mail a copy of such letter and a copy of the enclosed payment instrument (check or money order) to Susan F. LaMarca, Trial Counsel,

1  Securities and Exchange Commission, 44 Montgomery Street, Suite 2600, San Francisco,
2  California, 94104. Defendant Censoprano shall pay post-judgment interest on any delinquent
3  amounts pursuant to 28 USC § 1961.

IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 21(d)(2) of the Exchange Act, 15 U.S.C. § 78u(d)(2), Defendant Censoprano is prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act, 15 U.S.C. § 78*l*, or that is required to file reports pursuant to Section 15(d) of the Exchange Act, 15 U.S.C. § 78*o*(d).

X.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent of Defendant Salvatore Censoprano to Entry of Final Judgment ("Consent") is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant Censoprano shall comply with all of the undertakings and agreements set forth therein.

XI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purpose of enforcing the terms of this Final Judgment and for all other purposes.

XII.

There being no just reason for delay, pursuant to Federal Rule of Civil Procedure 54(b), the Clerk is hereby directed to enter this judgment against Defendant Censoprano forthwith and without delay.

DATED: 2 8 OCT 2005

_____
United States District Judge

APPROVED AS TO FORM:

*[signature: Susan S. Muck]*

Susan S. Muck, Esq.
FENWICK & WEST LLP
275 Battery Street
San Francisco, California 94111
(415) 875-2300
Fax: (415) 281-1350
Counsel for Defendant Salvatore Censoprano

SUBMITTED BY:

*[signature: Susan F. LaMarca]*

Susan F. LaMarca, Esq.
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, Suite 2600
San Francisco, California 94104
(415) 705-2500
Fax: (415) 705-2501
Counsel for Plaintiff